42 N.J. 244 (1964)
200 A.2d 101
IN THE MATTER OF THE APPLICATION OF GUIDO GAROFONE FOR A WRIT OF HABEAS CORPUS.
GUIDO GAROFONE, PETITIONER-RESPONDENT,
v.
THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
The Supreme Court of New Jersey.
Argued April 7, 1964.
Decided May 4, 1964.
*245 Mr. Peter Murray, Assistant County Prosecutor, argued the cause for appellant (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. Samuel Weitzman argued the cause for respondent.
The opinion of the court was delivered
PER CURIAM.
Garofone was tried and convicted in a municipal court upon five charges. Four were for crimes as to which Garofone waived indictment and trial by jury, and the fifth was for a disorderly persons offense. Upon habeas corpus, the trial court found a denial of due process because counsel was not furnished the defendant. In re Garofone, 80 N.J. Super. 259 (Law Div. 1963). We certified the State's appeal before argument in the Appellate Division.
It is conceded that Garofone was indigent. The trial court found (1) that Garofone was told by the magistrate that counsel would be assigned to him if he so wished; but (2) that the right to counsel was not waived because it did not appear that Garofone was expressly asked whether he affirmatively *246 waived his right to assigned counsel and elected to proceed without that aid. We gather the trial court may have doubted that the defendant really understood he could have counsel assigned to him without cost and hence concluded that a "waiver" could be found only if there was elicited from him "a conscious, coherent, affirmative indication that he does not desire the assistance of counsel" (80 N.J. Super., at p. 279). At any rate, we need not consider the subject of waiver beyond saying that our reading of the record persuades us that although Garofone was told of his right to be represented by counsel, he was not told that he could have counsel assigned without cost. That being so, we accept the trial court's ultimate conclusion that there was no waiver.
As noted above, four of the five offenses were crimes, and as to them the right of an indigent to assigned counsel is clear. R.R. 1:12-9(a). The trial court here held that the same right must be accorded to one charged with a disorderly persons offense notwithstanding such a charge is not one of crime. Since here this charge was tried along with charges of crime, the right to assigned counsel should not be disputed. We reserve, however, the question whether one tried for every disorderly persons offense must be furnished counsel. Ordinarily counsel is supplied upon request, and it may be that the incidence of indigency is much smaller because the cost of defense is less than on a charge of crime, but nonetheless the subject is troublesome, and since this case does not require a definitive decision, we think it better to withhold one.
The judgment is affirmed.
For affirmance  Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, SCHETTINO and HANEMAN  6.
For reversal  None.